UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Victor Leonardo Garibay,

    Petitioner,

v.

B. Eischen,

    Respondent.

Case No. 25-CV-02236 (ECT/ECW)

**REPORT AND RECOMMENDATION**

  Petitioner Victor Leonardo Garibay commenced this matter by filing a petition for a writ of habeas corpus asserting that the Federal Bureau of Prisons ("BOP") had failed to properly calculate the amount of time credits due to him under the First Step Act of 2018 ("FSA"). (Dkt. 1.)  Garibay admitted in his habeas petition that he had begun, but not completed, the process of exhausting administrative remedies for his claims.  (*Id.* at 2-3.) Accordingly, on July 17, 2025, this Court ordered Garibay to show cause why his petition should not be denied without prejudice as a result of his failure to exhaust.  (Dkt. 9 at 3-4.)  Garibay was directed to respond to the order within 28 days, failing which the Court would recommend that his habeas petition be denied without prejudice and this matter dismissed on account of his failure to exhaust.  (*Id.*)

  As explained in that order to show cause, the failure of a federal habeas petitioner to exhaust administrative remedies is not a jurisdictional barrier to relief.  In this case, however, there does not appear to be a good reason for excusing the exhaustion requirement—and there are several good reasons for *not* excusing the requirement.

Successful resolution of Garibay's claims at the administrative level could obviate the need for ever seeking judicial relief. Moreover, Garibay's claims were likely to turn on factual issues that, even if not resolved in Garibay's favor, would be clarified through the administrative-review process for the benefit of the Court.[1]

The 28-day deadline for a response set in the order to show cause has now passed, and Garibay has not responded in any way. Accordingly, consistent with the warning given in the Court's prior order, it is now recommended that the habeas petition be denied without prejudice and this matter be dismissed for failure to exhaust administrative remedies. *See Cisneros v. Eischen*, No. 25-CV-2129 (ECT/ECW), 2025 WL 2393990 (D. Minn. July 16, 2025), *recommendation. & R. adopted*, No. 25-CV-2129 (ECT/ECW), 2025 WL 2393364 (D. Minn. Aug. 18, 2025) (dismissing nearly identical habeas petition for failure to exhaust administrative remedies).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The petition for a writ of habeas corpus of petitioner Victor Leonardo Garibay (Dkt. 1) be DENIED WITHOUT PREJUDICE.

2. This matter be DISMISSED.

Dated:  September 3, 2025                 *s/Elizabeth Cowan Wright*
                                           Elizabeth Cowan Wright
                                           United States Magistrate Judge

---

[1] Most of Garibay's habeas petition consists of template language used by several dozen habeas petitioners in recent month. It is therefore very difficult to tell from the habeas petition alone how much of the information in the petition is accurate.

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).